JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00158-JHN -SHx | Date | February 8, 2011 |
|---|---|---|---|
| Title | GMAC Mortgage LLC v. John C. Jackson et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**   ORDER REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (In Chambers)

The matter is before the Court on Defendants Johnny C. Jackson and Janice L. Jackson's (collectively, "Defendants") Notice of Removal.  (Docket No. 1.)  Having reviewed Defendants' Notice, the Court hereby **REMANDS** the action to the Riverside County Superior Court for the reasons stated below.

## I.   BACKGROUND

Plaintiff GMAC Mortgage, LLC, ("Plaintiff") brings an unlawful detainer suit against Defendants in state court.  (Compl. 1.)  Plaintiff alleges that it obtained title and possession rights to the real property located at 33736 Verbena Avenue, Murrietta, CA 92563 ("Premises") pursuant to a foreclosure sale conducted on October 21, 2010.  (*Id.* ¶ 5.)  On or about November 3, 2010, Plaintiff served on Defendants a Notice to Quit and Notice to Vacate requiring Defendants to leave the Premises by midnight on November 8, 2010.  (*Id.* ¶¶ 8-11.)  However, Defendants failed to vacate the Premises and continue to remain on the Premises without Plaintiff's consent.  (*Id.* ¶¶11, 12.)  Plaintiff seeks damages of $60.00 per day until entry of judgment.  The Complaint specifically indicated that the demand does not exceed $10,000.00.  (*Id.* 1.)

Defendants removed the action to federal court citing the United Nations Commission on International Trade Law ("UNCITRAL") and claiming that their liability was "commercially discharged under international law."  (Notice of Removal ¶¶ 1, 4.)

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction.  28 U.S.C. § 1441.  The removal statute is "strictly construe[d] . . . against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party "always has the burden of establishing that removal was proper."  *Id.*  The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Further, based on the strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00158-JHN -SHx | Date | February 8, 2011 |
|---|---|---|---|
| Title | GMAC Mortgage LLC v. John C. Jackson et al. | | |

presumption against removal jurisdiction, the case must be remanded to state court if the court has any doubts about its subject matter jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal question jurisdiction only extends to cases "in which a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal citations and quotation marks omitted). Upon removal, the defendant must show that the "resolution of a federal . . . question is essential to each of [plaintiff's] alternative theories in support of any [] cause [] of action in the complaint. [I]f a single state law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.

### III. DISCUSSION

Defendants fail to meet the burden of establishing the Court's jurisdiction on removal. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed."). Based on the face of Plaintiff's Complaint, this case is not removable because Plaintiff does not affirmatively allege any federal claim; rather, the Complaint states a single state law unlawful detainer claim. *Anderson*, 539 U.S. at 6 ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

While Defendants cite to UNCITRAL, they do not explain how UNCITRAL confers federal question jurisdiction other than stating that "[f]ederal question on discharge of public debt by tender of international promissory note under UNCITRAL CONVENTION and international law. Monetary policy of United States re: money and money equivalent." (Notice of Removal ¶ 4.) This allegation is not sufficient to establish federal question jurisdiction. Accordingly, the Court lacks federal subject matter jurisdiction over the matter, and the matter must be remanded.[1]

---

[1] It is unclear whether Defendants seek removal based on diversity jurisdiction by alleging an amount in controversy exceeding $75,000. A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, Plaintiff's Complaint clearly indicates that Plaintiff does not seek more than $10,000. Additionally, Defendants fail to allege the citizenship of the parties. Accordingly, there is no diversity jurisdiction in this case.

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00158-JHN -SHx | Date | February 8, 2011 |
|---|---|---|---|
| Title | GMAC Mortgage LLC v. John C. Jackson et al. | | |

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:11-cv-00158-JHN -SHx | Date | February 8, 2011 |
|---|---|---|---|
| Title | GMAC Mortgage LLC v. John C. Jackson et al. | | |

## IV. CONCLUSION

Based on the foregoing, the Court **REMANDS** the action to the Superior Court of the State of California, County of Riverside.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |